UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DONYALL E. WHITE-BEY, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 1:13-cv-01026-TWP-DKL |
| ) | |
| SUPERINTENDENT, Correctional ) | |
| Industrial Facility, ) | |
| ) | |
| Respondent. ) | |

### ENTRY ON PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

This matter is before the Court on Petitioner Donyall E. White-Bey's ("Mr. White-Bey") Petition for Writ of Habeas Corpus (Dkt. 1). For the reasons explained in this Entry, the petition is **denied** and the action **dismissed for lack of jurisdiction**. In addition, the Court finds that a certificate of appealability should not issue.

### I. DISCUSSION

In this action, Mr. White-Bey challenges his 2003 Delaware County convictions for two counts of robbery and two counts of criminal confinement. To begin its analysis, the district court must first determine whether it has jurisdiction. "Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *State of Illinois v. City of Chicago,* 137 F.3d 474, 478 (7th Cir. 1998). Mr. White-Bey's petition fails this test.

Mr. White-Bey filed a prior habeas action in this court in Case No. 1:10-cv-468-WTL-TAB, which was dismissed with prejudice due to unexcused procedural default. He challenges the same conviction in this case. When there has already been a decision on the merits in a federal habeas action, to obtain another round of federal collateral review a petitioner must

obtain permission from the Court of Appeals under 28 U.S.C. § 2244(b).  *See Potts v. United States,* 210 F.3d 770 (7th Cir. 2000).  This statute, § 2244(b)(3), "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in the district court." *Felker v. Turpin,* 518 U.S. 651, 657 (1996).  This statute "'is an allocation of subject-matter jurisdiction to the court of appeals.'"  *In re Page,* 170 F.3d 659, 661 (7th Cir. 1999) (quoting *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)), opinion supplemented on denial of rehearing *en banc*, 179 F.3d 1024 (7th Cir. 1999).  "'A district court must dismiss a second or successive petition . . . unless the court of appeals has given approval for the filing.'"  *Id.*

With the prior habeas petition having been adjudicated on the merits, *see Dahler v. U.S.,* 259 F.3d 763 (7th Cir. 2001) (a subsequent motion is "second or successive" within the meaning of the statute when the same underlying conviction is challenged), and in the absence of authorization for the present filing from the Court of Appeals, this action must be dismissed for lack of jurisdiction.  Judgment consistent with this Entry shall now issue.

## II. CONCLUSION

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. White-Bey has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); Mr. White-Bey's Petition (Dkt. 1) is **DENIED** and this action is dismissed.  The Court therefore **DENIES** a certificate of appealability.

**SO ORDERED.**

Date: 02/03/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Donyall E. White-Bey, #980181
Pendleton - CIF
Correctional Industrial Facility
Inmate Mail/Parcels
5124 West Reformatory Road
Pendleton, Indiana  46064

Kelly A. Miklos
OFFICE OF THE INDIANA ATTORNEY GENERAL
kelly.miklos@atg.in.gov